IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: _____

NONTRA RECORDS,

    Plaintiff,

v.

ERIC MARLON BISHOP p/k/a JAMIE FOXX,
DIJON MCFARLANE p/k/a DJ MUSTARD,
and TAUHEED EPPS p/k/a 2 CHAINZ,

    Defendants.
_____/

## COMPLAINT

Plaintiff, NONTRA RECORDS, by and through its undersigned counsel, hereby sues Defendants, ERIC MARLON BISHOP p/k/a JAMIE FOXX, DIJON MCFARLANE p/k/a DJ MUSTARD, and TAUHEED EPPS p/k/a 2 CHAINZ, and in support thereof alleges as follows:

### NATURE OF ACTION, JURISDICTION, AND VENUE

1. This is a civil action seeking damages for copyright infringement based on Defendants' unlawful copying, use, and dissemination of Plaintiff's work.

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) as an action arising under the Copyright Laws of the United States, 17 U.S.C. § 101, et seq. This Court also has jurisdiction pursuant to diversity of citizenship between the parties under 28 U.S.C. § 1332 and because the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

3. This Court has personal jurisdiction over Defendants, and venue is proper in this judicial district of Florida pursuant to § 1391, because Defendants have done and/or are doing business in this district, the injury serving as the cause of action herein is the result of Defendants' business in this district, and a substantial part of the events giving rise to the alleged claim occurred in this district.

## PARTIES

4. Plaintiff, NONTRA RECORDS is an independent record label with a principal address located at 4000 Hollywood Boulevard, Hollywood, Florida 33021.

5. Upon information and belief, Defendant, ERIC MARLON BISHOP p/k/a JAMIE FOXX (hereinafter referred to as "JAMIE FOXX") is an adult who resides in the state of California.

6. Upon information and belief, Defendant, DIJON MCFARLANE p/k/a DJ MUSTARD (hereinafter referred to as "DJ MUSTARD") is an adult who resides in the state of California.

7. Upon information and belief, Defendant, TAUHEED EPPS p/k/a 2 CHAINZ (hereinafter referred to as "2 CHAINZ") is an adult who resides in the state of Georgia. All Defendants are hereinafter referred to collectively as "Defendants."

## BACKGROUND AND ALLEGATIONS

8. NONTRA RECORDS is a renowned independent record label. One of NONTRA RECORDS' promising emerging artists is Joshua Paul Randall p/k/a J Rand ("J RAND"), a singer, songwriter, actor and dancer. In November, 2013, USA TODAY named J RAND an "Artist on the Verge" for 2014. A true and correct copy of this publication is attached hereto as **Exhibit "A."**

9. JAMIE FOXX is an actor, singer-songwriter, and musician most noted for winning an Academy Award and BAFTA Award for Best Actor for his portrayal of legendary musician, Ray Charles. JAMIE FOXX is also a Grammy Award winning musician, having released three albums that have received wide recognition on the *Billboard 200 – Unpredictable*; *Intuition*; and *Best Night of My Life* - in addition to his first album, *Peep This*.

10. DJ MUSTARD is record producer and deejay who has achieved success and fame in the music industry, namely hip-hop and R&B. He has produced a plethora of hit singles for multiple artists, such as Tyga, YG, Kid Ink, Ty Dolla Sign, Tinashe, and Trey Songz.

11. 2 CHAINZ is a hip hop recording artist best known for his albums *Based on a T.R.U. Story* and *B.O.A.T.S. II: Me Time*. He is the recipient of multiple Grammy Award and Black Entertainment (BET) Hip Hop Awards, having won four (4) BET Hip Hop Awards in 2012.

12. In the summer of 2013, DJ Mustard sent an instrumental to J RAND's then record company, Poe Boy Music Group. The song, "Party Ain't a Party" (the "Original Work") was put together inside of Poe Boy Studio's and made specifically for J RAND under the instruction of the record company. The Original Work recorded by J RAND was to serve as the follow-up to his current single "Sexual Habit" and tentatively planned for release in 2015.

13. Stated differently, the instrumental produced by DJ MUSTARD that serves as the underlying material for the Original Work was given specifically to Poe Boy Music Group for the purpose of showing to J RAND for his approval, and then having J RAND record over the instrumental and distribute the Original Work as a follow-up to his current single, "Sexual Habit."

14.     J RAND recorded the Original Work on his own accord, and no agreement was mentioned, noted, or signed between J RAND, Poe Boy Music Group, and DJ MUSTARD regarding the ownership of the sound recording for the Original Work. As a result, Poe Boy Music Group (through way of J RAND) possessed sole ownership in the copyright of the sound recording of the Original Work.

15.     NONTRA RECORDS acquired all rights to J RAND's music and recordings (including sole ownership in the sound recording of the Original Work) when the label bought out J RAND's contract from Poe Boys Music Group. Shortly thereafter, NONTRA RECORDS paid to mix and master the Original Work.

16.     As a means for promoting the Original Work, California radio stations were given the opportunity to broadcast the Original Work in October 2013. The Original Work received multiple airplays throughout this period.

17.     Furthermore, In November 2013, J RAND appeared on DJ Carisma and Abby De La Rosa's mixshow, "The Cookie Jar," where he premiered the Original Work. The premiere of J RAND's "upcoming DJ MUSTARD-produced single" can be found at the 28-minute mark on the webpage, http://www.thisisrnb.com/2013/11/mixshow-dj-carismas-cookie-jar-115-with-j-rand/. A screenshot of the webpage is attached hereto as **Exhibit "B."**

18.     In order to coordinate a plan to further promote and schedule a release date for the Original Work, NONTRA RECORDS made multiple attempts to reach out and contact DJ MUSTARD, and/or his agents and representatives. Yet, for reasons unbeknownst to NONTRA RECORDS and J RAND, DJ MUSTARD went radio silent and failed to respond to their advances.

19. Sometime after NONTRA RECORDS' failed attempts to contact DJ MUSTARD, NONTRA RECORDS began hearing a version of the Original Work that used the same title and was **substantially similar** to the Original Work (the "Subsequent Work").

20. The Subsequent Work retained DJ MUSTARD's production and underlying materials, but instead featured vocals from JAMIE FOXX and 2 CHAINZ. The Subsequent Work was officially released on September 13, 2014. A true and correct copy of a publication promoting the Subsequent Work is attached hereto as **Exhibit "C."**

21. It is clear that not only did Defendants sample the Original Work, but that JAMIE FOXX, DJ MUSTARD, and 2 CHAINZ wholeheartedly misappropriated Plaintiff's rights and ownership in the sound recording of the Original Work, and converted the Original Work for their own professional, commercial, and personal gain through their creation of the substantially similar Subsequent Work.

22. Specifically, the underlying material and JAMIE FOXX's lyrics contained in the Subsequent Work are **identical** to the lyrics sung by J RAND in the sound recording of the Original Work.

23. Based upon initially hearing the Subsequent Work, and hearing the Subsequent Work many times thereafter, it is wholly and completely evident that the Subsequent Work is a substantially similar copy of the sound recording of the Original Work, as J RAND and JAMIE FOXX's lyrics are one and the same, and the only discernible difference found between the sound recording of the Original Work and Subsequent Work is the choice of featured guest artist between the two – 2 CHAINZ is the guest artist on the Subsequent Work, while IAMSU! is the guest artist on the Original Work.

24. As a direct and proximate result of Defendants' inexplicable acts complained of herein, Plaintiff has suffered severe and irreparable harm and damage due to the significant loss of commercial value in the Original Work. As a result, Plaintiff has retained the undersigned firm and agreed to pay it a reasonable fee for its services.

## COUNT I – COPYRIGHT INFRINGEMENT

25. Plaintiff hereby re-alleges and reincorporates paragraphs 1-24 as if fully set forth herein and states:

26. This is an action for copyright infringement against Defendants.

27. It is undeniable that Plaintiff had sole ownership in the copyright for the sound recording of the Original Work due to the fact J RAND recorded the song on his own accord, and Plaintiff acquired all rights to J RAND's music and recordings when it bought out J RAND's contract from Poe Boy Music Group.

28. Additionally, it is undeniable that Defendants had access to sound recording of the Original Work, because Defendant, DJ MUSTARD, serves as the noted producer for both the Original Work and the Subsequent Work, and Defendant, JAMIE FOXX, utilizes the same lyrics used by J RAND in the Original Work.

29. Furthermore, the fact that Defendant, JAMIE FOXX, and J RAND share the same lyrics as sung in the sound recording of the Original Work, aided by the fact that Defendant, DJ MUSTARD, serves as the noted producer for both productions, demonstrates that the Original Work and the Subsequent Work are substantially similar.

30. Defendants infringed upon Plaintiff's ownership in the sound recording of the Original Work by using, copying and distributing the Original Work through the Subsequent

Work on multiple internet websites. As of the date of the filing of this Complaint, the Subsequent Work has appeared on the following websites, among others, without Plaintiff's permission:

   a. http://www.rap-up.com/2014/09/13/new-music-jamie-foxx-f-2-chainz-party-aint-a-party/
   b. http://www.billboard.com/articles/columns/the-juice/6251673/jamie-foxx-drops-new-banger-party-aint-a-party-with-2-chainz
   c. http://www.mtv.co.uk/jamie-foxx/news/jamie-foxx-is-back-with-new-track-party-aint-a-party-feat-2-chainz?utm_source=feedburner&utm_medium=feed&utm_campaign=Feed%3A+mtvuk%2Fnews+(MTV+UK+-+News)
   d. http://www.hiphopearly.com/Jamie-Foxx-ft-2-Chainz-Party-Aint-A-Party-t25227.html
   e. http://goodmusicallday.com/music/jamie-foxx-party-aint-a-party-ft-2-chainz/
   f. http://www.djbooth.net/index/tracks/review/jamie-foxx-party-aint-a-party
   g. http://www.complex.com/music/2014/09/jamie-foxx-party-aint-a-party-2-chainz
   h. http://www.broadwayworld.com/bwwmusic/article/FIRST-LISTEN-Party-Aint-a-Party-without-Jamie-Foxx-20140917
   i. http://www.idolator.com/7534798/jamie-foxx-2-chainz-dj-mustard-party-aint-a-party
   j. http://www.justjared.com/2014/09/17/jamie-foxx-releases-first-new-song-since-2010-party-aint-a-party-listen-now/

This is by no means an exhaustive list of the number of websites where the Subsequent Work can be found.

   31.   Defendants have received, and will continue to receive, a commercial benefit from their infringing activities.

   32.   Furthermore, as a direct and proximate result of Defendants' actions, Plaintiff has been, and will continue to be, severely and irreparably harmed.

   **WHEREFORE**, Plaintiff requests that this Honorable Court render judgment against Defendants in an amount excess of $150,000.00, plus interest, and such further relief as the Court may deem just and proper.

## COUNT II – CONTRIBUTORY COPYRIGHT INFRINGEMENT
## AGAINST DEFENDANT JAMIE FOXX

33. Plaintiff hereby re-alleges and reincorporates paragraphs 1-24 as if fully set forth herein and states as follows:

34. This is a count for contributory infringement against Defendant, JAMIE FOXX.

35. As of the date of this Complaint, Defendant, JAMIE FOXX, has distributed the Subsequent Work to an innumerable amount of publications, websites, bloggers, and the like for the purpose of professionally, commercially and personally benefitting from the exposure that comes along with releasing a new single after being absent from the music scene for over four (4) years.

36. Defendant, JAMIE FOXX, knew that his distribution of the Subsequent Work for the purpose of achieving exposure after a four (4) plus year hiatus directly infringed upon the Plaintiff's rights and ownership in sound recording of the Original Work.

37. Defendant, JAMIE FOXX, materially contributed to the third party infringement of the publications, websites, bloggers, and the like by knowingly making the Subsequent Work available to them for the purpose of achieving widespread exposure without acquiring permission, written or otherwise, from Plaintiff.

38. Defendant, JAMIE FOXX, has received, and will continue to receive, a commercially benefit from his contributory infringement on Plaintiff's rights and ownership in the Original Work.

39. Furthermore, as a direct and proximate result of Defendant, JAMIE FOXX's actions, Plaintiff has been, and will continue to be, severely and irreparably harmed.

**WHEREFORE**, Plaintiff requests that this Honorable Court render judgment against Defendant, JAMIE FOXX, in an amount excess of $150,000.00, plus interest, and such further relief as the Court may deem just and proper.

### COUNT III – CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST DEFENDANT DJ MUSTARD

40. Plaintiff hereby re-alleges and reincorporates paragraphs 1-24 as if fully set forth herein and states as follows:

41. This is a count for contributory copyright infringement against Defendant, DJ MUSTARD.

42. Based upon his position as noted producer for both the Original Work and the Subsequent Work, Defendant, DJ MUSTARD, knew that his distribution to Defendants, JAMIE FOXX and 2 CHAINZ, of the underlying material that constituted the Original Work for the purpose of creating the Subsequent Work directly infringed upon Plaintiff's rights and ownership in the sound recording of the Original Work.

43. Defendant, DJ MUSTARD, materially contributed to Defendants', JAMIE FOXX and 2 CHAINZ, infringing activity by knowingly making the underlying material that constituted the Original Work available to them for the purpose of creating the Subsequent Work without acquiring permission, written or otherwise, from Plaintiff.

44. Defendant, DJ MUSTARD, has, and will continue to, commercially benefit from his contributory infringement on Plaintiff's rights and ownership in the Original Work.

45. Furthermore, as a direct and proximate result of Defendant, DJ MUSTARD's, actions, Plaintiff has been, and will continue to be, severely and irreparably harmed.

**WHEREFORE**, Plaintiff requests that this Honorable Court render judgment against Defendant, DJ MUSTARD, in an amount excess of $150,000.00, plus interest, and such further relief as the Court may deem just and proper.

September 18, 2014                                      Respectfully Submitted,

**HEITNER LEGAL, P.L.L.C.**
*Attorneys for Plaintiff*
185 SW 7th St., Ste 2311
Miami, FL 33130
Phone:  954.558.6999
Fax:       954.927.3333

By: _____
DARREN A. HEITNER
Florida Bar No.:  85956
Darren@HeitnerLegal.com